Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
4445 E. Holmes Avenue
Suite 107
Mesa, AZ 85206-3398
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | | |
|---|---|---|
| **Patrick Sharkey,** an individual; | ) ) ) | No. |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | |
| v. | ) ) | |
| **CDI Affiliated Services, Inc.,** an Idaho corporation; | ) ) ) | |
| | ) | |
| Defendant. | ) ) | (Jury Trial Demanded) |
| | ) | |

Plaintiff alleges as follows:

### I.  Preliminary Statement

1.  Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. (hereinafter "FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq*. (hereinafter "TCPA"). In the course of attempting to

collect a debt allegedly owed by Plaintiff, Defendant engaged in deceptive, unfair and/or abusive debt collection practices in violation of the FDCPA. Defendant negligently, knowingly and/or willfully contacted Plaintiff on Plaintiff's cellular telephone in violation of the TCPA. Plaintiff seeks to recover statutory damages, as well as reasonable attorney's fees and costs.

## II.   Statutory Structure of FDCPA

2.   Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3.   The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. <u>Baker v. G.C. Services Corp.</u>, 677 F.2d 775, 777 (9th Cir. 1982).

4.   The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt. FDCPA § 1692a(3).

5.   The FDCPA defines "debt" as any obligation or

1    alleged obligation of a consumer to pay money
2    arising out of a transaction in which the money,
3    property, insurance, or services which are the
4    subject or the transaction are primarily for
5    personal, family, or household purposes.  FDCPA §
6    1692a(5).

7  6.  The FDCPA defines "debt collector' as  any person
8    who uses any instrumentality of interstate commerce
9    or the mails in any business the principal purpose
10    of which is the collection  of any debts, or who
11    regularly collects or attempts to collect, directly
12    or indirectly, debts owed or due or asserted to be
13    owed or due to another.  FDCPA § 1692a(6).

14  7.  Any debt collector who fails to comply with the
15    provisions of the FDCPA is liable for any actual
16    damage sustained; statutory damages up to $1,000;
17    attorney's fees as determined by the Court and costs
18    of the action. FDCPA § 1692k.

19            **III.  Jurisdiction**

20  8.  Jurisdiction of the Court over this action and the
21    parties herein, arises under 15 U.S.C. § 1692k(d)
22    (FDCPA), and 28 U.S.C. §1337.  Venue lies in the
23    Phoenix Division of the District of Arizona as
24    Plaintiff's claims arose from acts of the Defendant
25    perpetrated therein.

- 3 -

#### IV.   Parties

9.   Plaintiff is an individual residing in Maricopa County, Arizona.

10.  Plaintiff is allegedly obligated to pay a consumer debt.

11.  Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

12.  Plaintiff is a "person" as defined by TCPA, 47 U.S.C. § 153(10).

13.  Defendant CDI Affiliated Services, Inc. (hereinafter "CDI") is an Idaho corporation doing business within the State of Arizona.

14.  CDI is not licensed by the Arizona Department of Financial Affairs as a collection agency.

15.  CDI regularly collects or attempts to collect debts owed or asserted to be owed or due another.

16.  In the alternative, CDI regularly collects or attempts to collect debts which it has purchased after default.

17.  CDI is a "debt collector" as that term is defined by FDCPA § 1692a(6).

18.  CDI is a "person" as defined by TCPA, 47 U.S.C. § 153(10).

#### V.   Factual Allegations

19.  Plaintiff allegedly incurred a debt for personal,

- 4 -

1  family, and household purposes which ultimately went
2  into default.

3  20. The debt was subsequently assigned to CDI for
4      collection purposes.

5  21. In or about April 2009, CDI began a campaign of
6      calling and leaving messages for Plaintiff on his
7      cellular phone.

8  22. On April 22, 2009 at 8:45 a.m., CDI telephoned
9      Plaintiff on his cellular phone and left a message.

10 23. The CDI collector stated that her name was Diana
11     from CDI, and that the call was not a sales or
12     marketing call, but failed to identify the caller or
13     that the call was from a debt collector.

14 24. On April 29, 2009 at 12:54 p.m., CDI telephoned
15     Plaintiff on his cellular phone and left a message.

16 25. The CDI collector stated that his name was Ron,
17     calling from calling from CDI for Patrick Sharkey,
18     but did not state that CDI was a debt collector.

19 26. On May 6, 2009 at 11:53 a.m., CDI telephoned
20     Plaintiff on his cellular phone and left a message.

21 27. The phone number showing up on the caller
22     identification was "602-283-1862" which is an
23     Arizona phone number not affiliated with CDI.

24 28. It is believed that CDI used the "602-283-1862"
25     phone number to disguise or mislead Plaintiff into

1   believing the call was from a local person or
2   business, rather than from CDI.

3   29.  The message CDI left for Plaintiff stated that the
4        call was not a sales or marketing call, but failed
5        to identify the caller or that the call was from a
6        debt collector.

7   30.  On May 8, 2009 at 8:16 a.m., CDI telephoned
8        Plaintiff on his cellular phone and left a message.

9   31.  The phone number showing up on the caller
10       identification was "602-283-1862" which is a
11       disconnected Arizona phone number not affiliated
12       with CDI.

13  32.  It is believed that CDI used the "602-283-1862"
14       phone number to disguise or mislead Plaintiff into
15       believing the call was from a local person or
16       business, and not from CDI.

17  33.  The message CDI left for Plaintiff stated that the
18       call was not a sales or marketing call, but failed
19       to identify the caller or that the call was from a
20       debt collector.

21  34.  On May 15, 2009 at 11:53 a.m., CDI telephoned
22       Plaintiff on his cellular phone and left a message.

23  35.  The CDI collector stated that her name was Heidi,
24       and that she was "sorry to have missed you," but
25       failed to identify the caller or that the call was

from a debt collector.

36. The messages left by CDI were "communications" as that term is used in the FDCPA.

37. In all of the messages left by CDI for Plaintiff, CDI failed to state that the communication was from a debt collector, and therefore violated the FDCPA § 1692e(11). *See* Foti v. NCO Financial Systems, Inc., 424 F.Supp.2d 643 (2006); and Leyse v. Corporate Collection Services, Inc., 2006 WL 2708451 (SDNY Sept. 18, 2006).

38. In one or more of the messages left by CDI for Plaintiff, CDI failed to give meaningful disclosure of the caller's identity in violation of FDCPA § 1692d(6).

39. Upon information and belief, the calls made by CDI on May 6, 2009 and May 8, 2009 were placed via an "automatic telephone dialing system" as defined by TCPA, 47 U.S.C. § 227(a)(1).

40. Upon information and belief, CDI used "an artificial or prerecorded voice" for these calls as prohibited by TCPA, 47 U.S.C. § 227(b)(1)(a).

41. The telephone number CDI called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to TCPA, 47 U.S.C. § 227(b)(1).

42. CDI's calls to Plaintiff did not constitute calls that were not for emergency purposes as defined by TCPA, 47 U.S.C. § 227(b)(1)(A)(I).

43. Plaintiff did not provide express consent to receive calls on his cellular telephone pursuant to TCPA, 47 U.S.C. § 227(b)(1)(A).

44. These phone calls were made in violation of TCPA, 47 U.S.C. § 227(b)(1).

45. During this time, it was a regular part of CDI's debt collection practice to communicate with consumers by leaving messages without disclosing that the communication was from a debt collector.

46. Defendant's actions as outlined above were intentional, willful, and in gross or reckless disregard of Plaintiff's rights and part of its persistent and routine practice of debt collection.

47. In the alternative, Defendant's actions were negligent.

**VI.   Causes of Action**

**a.   Fair Debt Collection Practices Act**

48. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

49. Defendant's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692d, 1692d(6), 1692e, and 1692e(11).

- 8 -

### b.   Telephone Consumer Protection Act

50. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

51. The foregoing acts and omissions of Defendant constitute multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of TCPA, 47 U.S.C. §§ 227 *et seq.*

52. As a result of Defendant's negligent violations of TCPA, 47 U.S.C. §§ 227 *et seq.*, Plaintiff are entitled to an award of $500 in statutory damages, for each and every violation, pursuant to TCPA, 47 U.S.C. § 227(b)(3)(B).

53. The foregoing acts and omissions of Defendant constitute multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of TCPA, 47 U.S.C. §§ 227 *et seq.*

54. As a result of Defendant's knowing and/or willful violations of TCPA, 47 U.S.C. §§ 227 *et seq.*, Plaintiff are entitled to treble damages, as provided by statute, up to $1,500 for each and every violation, pursuant to TCPA, 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

### VII.   Demand for Jury Trial

- 9 -

1      Plaintiff hereby demands a jury trial on all issues
2  so triable.

### VIII.  Prayer for Relief

4      WHEREFORE, Plaintiff requests that judgment be
5  entered against Defendant for:

6      a)  Statutory damages of $1,000 pursuant to §1692k;

7      b)  Statutory damages of $500 for each negligent
8          violation of the TCPA, 47 U.S.C. § 227(b)(3)(B);

9      c)  Statutory damages of $1,500 for each knowing
10         and/or willful violation of the TCPA, 47 U.S.C.
11         § 227(b)(3)(B) and 47 U.S.C. § 227((b)(3)(C);

12     d)  Costs and reasonable attorney's fees pursuant to
13         §1692k; and

14     e)  Such other relief as may be just and proper.

16 DATED ___September 25, 2009___.

18                 s/ Floyd W. Bybee
19                 Floyd W. Bybee, #012651
                   **BYBEE LAW CENTER, PLC**
20                 4445 E. Holmes Avenue
                   Suite 107
                   Mesa, AZ 85206-3398
21                 Office: (480) 756-8822
                   Fax: (480) 302-4186
22                 floyd@bybeelaw.com

23                 Attorney for Plaintiff